[No. 14682.    Department One.    July 29, 1918.]

ROBERT HANSON, *Respondent,* v. MOSES INVESTMENT COMPANY, *Appellant.*[1]

BILLS AND NOTES—PAYMENT—EVIDENCE—SUFFICIENCY. Oral evidence of the payment of a note by checks is insufficient, where it appears that the note was not surrendered or demanded, no written acknowledgment of payment or intent to pay was made, the note was then held as collateral by a bank, to the knowledge of the parties, and one of the payors had admitted that it was still a binding obligation of the maker.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 26, 1917, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*C. H. Winders (Joseph C. Sherman,* of counsel), for appellant.

*Fred C. Brown,* for respondent.

PARKER, J.—The plaintiff, Hanson, seeks recovery upon a demand promissory note, executed and delivered by the defendant, Moses Investment Company, to Alton N. Gregory, who transferred it to the German-American Mercantile Bank, of Seattle, which bank in

[1]Reported in 174 Pac. 25.

turn transferred it to the plaintiff. Trial in the superior court for King county, sitting without a jury, resulted in findings and judgment in favor of the plaintiff, from which the defendant has appealed to this court. The only defense made by appellant is that of payment.

On October 1, 1914, appellant was indebted to Gregory in the sum of $1,000. This was the balance due upon a previous larger indebtedness which had existed for a considerable time. On that day, appellant executed and delivered to Gregory the note in question. While the note was payable upon demand, as expressed upon its face, it is apparent from the circumstances under which it was given that the parties did not contemplate that demand for its payment would be made for some considerable time. Very soon after the execution of the note, it was transferred by Gregory to the German-American Mercantile Bank as collateral security to an indebtedness of $2,500, owing by him to the bank. Appellant claims to have discharged the indebtedness evidenced by the note, on November 30, 1914, by payment to Gregory; though the note was not then delivered by Gregory to appellant, at which time it was held by the bank as collateral security to the unpaid debt of $2,500 due from Gregory to the bank, which fact was then well known to appellant. In March, 1915, Gregory's indebtedness to the bank remaining unpaid, certain agreements were then entered into, to which the bank was a party, resulting in the taking up of the indebtedness of Gregory to the bank by respondent Hanson, and the transfer by the bank of·its indebtedness due from Gregory, including the collateral thereto, to wit, this note and certain shares of stock.

The trial court found that no part of the note had been paid. This finding we understand to mean that

the note remains wholly unpaid, even as to Gregory, the original payee. The evidence relied upon in appellant's behalf to support its claim of payment is, in substance, as follows: The two Moses brothers, who had the entire management of appellant's corporation business, testified in substance that, on November 30, 1914, Gregory offered to discount the note $50 if appellant would then pay the indebtedness evidenced thereby; that, to enable appellant to take advantage of this offer, it borrowed $1,000 from a Seattle firm, and from the money so acquired paid out $950, as directed by Gregory, in payment of his indebtedness to the bank. In connection with this oral evidence, there were introduced, in appellant's behalf, a note for $1,000 executed by the appellant to the Seattle firm, on November 30, 1914, and also four checks; aggregating $950, issued by one of the Moses brothers against his private bank account, which he testified were issued in payment of appellant's note here sued upon, as directed by Gregory. One of these checks for $101 was issued to the other Moses brother, one for $200 was issued to appellant Moses Investment Company, and the two others were issued to Gregory. As already noticed, the note was not surrendered to appellant by Gregory; indeed, it could not be, as it was then held by the bank as collateral to Gregory's debt owing to the bank. Nor did the Moses brothers, or any one for them, demand or receive any written acknowledgment of any kind evidencing the fact that the transaction testified to by them was intended as a payment of appellant's debt evidenced by this note. This is, in substance, the whole of the showing made in appellant's behalf in support of its claim of payment of the debt evidenced by the note here sued upon. Gregory was not produced at the trial as a witness. Thus it appears that the claimed payment of this note rests,

in its last analysis, upon the oral testimony of the Moses brothers, since the documentary evidence produced in appellant's behalf is not worthy of serious consideration apart from their testimony.

The facts tending to show that the indebtedness evidenced by the note was not paid as claimed by the Moses brothers, are the following: The note was not surrendered and we think that its surrender at the time of the claimed payment was not even demanded in appellant's behalf. The note was then in the possession of the bank as collateral to the indebtedness owing by Gregory to the bank, which fact was known to the Moses brothers and to appellant. No written acknowledgment of any kind evidencing the payment of the note was demanded by, or given to, appellant, or any one for it. It was testified in respondent's behalf, in substance, that at least one of the Moses brothers had admitted, after respondent became the holder of the note, that the note was a legal, binding obligation of appellant, though he protested that appellant was not morally bound to pay the debt evidenced thereby. This, it may be conceded, was not a binding admission upon appellant as to the payment of the note, but it does bear upon the credibility of the testimony of the Moses brothers touching the payment of the note as claimed by them.

This is substantially all we have in the record bearing upon the question of the payment of the note as claimed by the Moses brothers. In its last analysis, the question becomes one of fact and credibility of the testimony of the Moses brothers; and we think the trial court, in view of all the circumstances, was not required to believe that the indebtedness evidenced by the note was paid as claimed by them. Manifestly, the burden of so showing was upon them, and we think that burden has not been sustained. We are, in any

event, convinced that we should not disturb the trial court's findings upon that question.

Some contention is made in appellant's behalf upon the theory that the bank and respondent were neither of them holders in due course; and also upon the theory that the other collateral should have been first exhausted in satisfaction of Gregory's debt to the bank, before resorting to recovery upon this note. While the trial court seems to have been of the opinion that these contentions could not be sustained, we need not notice them here, since we conclude that the judgment must be affirmed upon the theory that the note was not paid even as to Gregory's right to recover thereon; and respondent's rights were, in any event, equal to those of Gregory.

The judgment is affirmed.

MAIN, C. J., TOLMAN, and MITCHELL, JJ., concur.